# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7153 | **DATE** | 2/7/2008 |
| **CASE TITLE** | Mario Cabell0 #2006-0098846 v. Mannos | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file in forma pauperis is granted.[3] The court authorizes Cook County Jail officials to deduct $6.75 from plaintiff's account. The clerk shall send a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. Plaintiff's complaint is dismissed without prejudice to his submitting an amended complaint by March 3, 2008, in accordance with the terms of this order. Failure to comply with this order will result in dismissal. The clerk is directed to send one copy of the amended civil rights complaint form and instructions for filing along with a copy of this order. Plaintiff's motion for appointment of counsel is denied without prejudice. [5]

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff is granted leave to file in forma pauperis. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.75. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, 20th floor., and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify state correctional authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to a state correctional facility.

**(CONTINUED)**

ste

## STATEMENT (continued)

Plaintiff sues a superintendent and a sergeant at the Jail alleging that someone at the jail has tampered with his mail. He has failed to say what he means by this tampering, when it occurred, or who has been personally responsible for this tampering. Supervisors and others in authority cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of *respondeat superior*, because that doctrine does not apply in §1983 actions. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). If Plaintiff wants to proceed with his claim, he must submit an amended complaint naming as Defendants those individuals personally responsible for subjecting him to the deprivations alleged, and he must specify what he means by tampering and when it occurred.

Plaintiff is given until March 3, 2008, to submit an amended complaint in accordance with the instructions in this order, on the forms required by General Rule 48 of this court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each Defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original).

It is the general practice of this court in *pro se* cases is to consider appointment of counsel if an when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing. *Maclin v. Freake*, 650 F. 2d 885, 887 (7th Cir. 1991). No such discovery is need at this stage of the case. Additionally, at this stage of the litigation it appears to the court that Plaintiff is capable of presenting his claims without the benefit of counsel. *Pruitt v. Mote*, 503 F. 3d 647, 654-55 (7th Cir. 2007); *Farmer v. Haas*, 990 F. 2d 319, 321-22 (7th Cir. 1993). Therefore, his motion for appointment of counsel is denied without prejudice.